# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD LEON BOONE, ) | |
| ) | Civil Action No. 2: 12-cv-1333 |
| Plaintiff, ) | |
| ) | United States Magistrate Judge |
| v. ) | Cynthia Reed Eddy |
| ) | |
| C. O. DAUGHTERY, DR. DASCANI, ) | |
| LORI KWISNEK, PATRICIA MEISTER, ) | |
| DR. MOLLURA, DEBBIE YOTHERS, C. ) | |
| O. SHEETZ, KEN SANDERS AND ) | |
| W. ALLAMON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On October 15, 2013, the Court denied Plaintiff's Motion for Summary Judgment and granted Defendants' Motions for Summary Judgment as to Plaintiff's federal claims. The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims of negligence and breach of confidentiality and dismissed those claims without prejudice (See Memorandum Opinion and Order, ECF No. 118.) Presently pending is the Motion to Alter or Amend Judgment filed by Plaintiff (ECF No. 120).

### Standard of Review

A motion for reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli,* 337 F.3d 282, 28 (3d Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524,

528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce v. Assoc. Inc. v. Nemours Found.,* 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli,* 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that he court has already considered and decided.

## Discussion

Plaintiff has not identified the authority by which he is seeking reconsideration. However, because he filed the instant motion within twenty-eight days after the entry of judgment,[1] the Court will treat the motion as filed pursuant to Rule 59(e). *See, e.g., Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009).

---

[1] Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed.R.Civ.P. 59(e). The court entered Judgment on October 15, 2013. (ECF No. 119). The instant motion is dated October 25, 2013, the envelope in which the motion was mailed is post-marked October 28, 2013, and the motion was docketed on October 29, 2013 (ECF No. 120). All of these dates fall well within the twenty-eight day

Plaintiff continues to advance the same arguments that he made in response to the Motions for Summary Judgment. Said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

Fatal to the pending motion, nothing new has been supplemented to the record by the Motion to Alter or Amend Judgment.

It is undeniable that Plaintiff is frustrated by the medical treatment he received while incarcerated at SCI-Greensburg and the Court is sympathetic to his frustration. However, the Court finds that the Motion to Alter or Amend Judgment is without merit and will be denied.

## ORDER OF COURT

**AND NOW,** this 30th day of October, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion to Alter or Amend Judgment is **DENIED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

---

period provided for in Rule 59(e).

cc:     EDWARD LEON BOONE
JJ4437
SCI Pittsburgh
PO Box 99991
Pittsburgh, PA 15233

Robert A. Willig
Office of Attorney General
Email: rwillig@attorneygeneral.gov

J. Eric Barchiesi
Eisenberg & Torisky
Email: eric.barchiesi@aig.com